IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ROBERT HOLT, as Member Representative of the former BookSurge, LLC, | ) ) ) ) ) | CASE NO. 2:06-CV-03290-CWH |
| Plaintiff, | ) ) ) ) | |
| | ) ) ) ) ) | PLAINTIFF'S REPLY TO CELORIO'S OBJECTION TO MOTION TO ENFORCE SETTLEMENT |
| vs. | ) ) ) | |
| AMAZON.COM, INC., INSTABOOK CORPORATION, and VICTOR CELORIO, | ) ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) | |

Plaintiff Robert Holt replies to Defendants Instabook Corporation and Victor Celorio's (collectively, "Celorio") opposition to the Plaintiff's Motion to Enforce Settlement.

Celorio contends no license agreement was ever reached in the September 11th phone conversation (Broderson affidavit, pg 3, item 8 concedes he agreed only "to run it by his client"), and maintained that position October 2, asserting he was "simply at a loss as to why a license was necessary". There is no explanation as to the following:

1. On September 11, 2007, prior to a three-way phone conversation between counsel, Celorio counsel McCullough is advised by Plaintiff's counsel by e-mail that licensing to the Plaintiff is a "dealbreaker" (Ex A).

2. On September 13 and 14, Mr. McCullough confirmed by e-mail that Celorio and the Plaintiff had agreed to a license (Clay McCullough e-mail: "Yep".) (Ex. B to Plaintiff's motion).

3. On September 13, Mr. McCullough was copied with an e-mail to Amazon counsel clearly stating that the settlement was contingent on a "perpetual, global, paid up license" by Celorio to Holt, and that this had already been agreed to (Ex.C to Plaintiff's motion).  No contrary e-mail was received.

4. On October 4, after being reminded of the earlier phone conversation and e-mail regarding the agreement to license, Mr.Broderson and his firm then reported that Ceolorio would grant a license, but inexplicably not on the same terms as that given to Amazon.  (Ex. E to Plaintiff's motion).

Having denied and continuing to deny any license was agreed to, Mr. Broderson now can recall that the terms of the license were different than that granted Amazon.  In an attempt to avoid what was agreed to, Celorio counsel compounds the denial by insisting that an Amazon type license was never even "discussed or contemplated" (Celorio memo at page 3, item 5).  This is explicitly contradicted by the e-mail sent to Celorio counsel Clay McCullough by Plaintiff counsel on September 13, received without contrary response.  The only contrary indication came from Mr. Broderson where he attempted to deny <u>any</u> license agreement two weeks later.[1]

In paragraph 12 of his affidavit, Mr. Broderson states: "The proposed

---

[1] Mr, Broderson annotates his own e-mails to paraphrase his revised recollection as follows: "the undersigned was 'simply at a loss as to why a license [like that prepared by Plaintiff's counsel] was necessary.'" (Instabook memo at p.3; Exhibit D to Plaintiff's motion).  The reference to "a" license rather than the type or scope of license in the e-mail is revealing.

written Settlement Agreement and Mutual General Release contains precisely what Plaintiff is *entitled* to by way of a license from the Instabook Defendants ..." This sworn statement is incorrect but revealing. In paragraph 10 of that very same affidavit, Mr. Broderson had sworn that he had never made an agreement regarding a license to Plaintiff, except that he would check with his clients regarding such, and that a license is nonetheless "unnecessary." (Paragraph 11). If despite the e-mail exchange confirming the grant of a license Celorio never agreed to grant a license to the Plaintiff, and a license is unnecessary, how could the Plaintiff be entitled to a license?

Further, how can Celorio's lawyers take the alternative position that the Plaintiff is entitled to "at most" a limited license, or something less than is granted Amazon? Either there was an agreement or there was not. The Celorio attorney affidavits are less than straightforward. Mr. Broderson declares no "implied or explicit" agreement took place in the telephone conversation between him, his co-counsel McCullough and Plaintiff's counsel Sean Trundy (Aff. at page 3 paragraphs 8 and 9). Mr. McCullough, however, concedes such an explicit agreement by virtue of the undisputed but brief e-mail confirming same. His affidavit completely omits references to the confirmation e-mails, the September 11 "dealbreaker" e-mail, and whether a licensing agreement had been made. Both affidavits, however, now disavow any reference to Amazon.

In the initial motion, the Plaintiff suggests that Celorio was trying to "squeeze more money out of the Former Member" (recall that it is the Former Members' money which is being paid to Celorio by Amazon; they are taking less than they are owed by Amazon to facilitate this global settlement and insure no future litigation on this issue.) Celorio's lawyers have proved that the amount of money Celorio would receive was agreed to *before*

the terms of the Celorio-Amazon license were hammered out. Thus, the money was not tied to the exact terms of that license. As explained in Plaintiff's motion, Plaintiff relied on a presumption that Amazon would negotiate a well-crafted safe harbor for itself and entities affiliated with it. Amazon did just that and Celorio agreed to grant it. Celorio granting the same thing to the Plaintiff causes him no harm, allows him out of the lawsuit and secures a portion of Plaintiff's monies; that is why he, through his lawyers, agreed to do so.

Celorio asserts that the court's option of conducting a plenary hearing is "tenuous" (Instabook memo at p. 7) because of the conflict in sworn affidavit testimony. While Celorio's attorneys are evidently now in conflict between them, there is no conflict if the exchanged e-mails and logical inferences therefrom are examined.

By:_____/s Bonum S. Wilson, III_____

Bonum S. Wilson, III, # 4706

WILSON & HEYWARD LLC
Post Office Box 13177
Charleston, SC 29422
Phone: (843) 762-4567
Fax:    (843) 762-2345
bwilson@wilsonheyward.com

Sean K. Trundy, #6666
SEAN KEVIN TRUNDY, LLC
Post Office Box 41343
North Charleston, SC 29423
Phone: (843) 747-3342
Fax:    (843) 747-4489
sean@northcharlestonlawyer.com

**ATTORNEYS FOR PLAINTIFFS**